**Daniel Albert NEWMAN,**
**Petitioner–Appellee,**

v.

**Linda M. METRISH, Warden,**
**Respondent–Appellant.**

**No. 07–1782.**

United States Court of Appeals,
Sixth Circuit.

Nov. 5, 2008.

See also 543 F.3d 793.

Before: MOORE and SUTTON, Circuit Judges; ALDRICH,* District Judge.

## ORDER

KAREN NELSON MOORE, Circuit Judge.

Respondent–Appellant Warden Linda Metrish brings this emergency motion for a stay of the district court's order granting petitioner-appellee Daniel Albert Newman ("Newman") immediate release from custody on bond. We grant respondent's motion for immediate consideration and

DENY respondent's motion for a stay of the district court's order.

On June 15, 2007, 492 F.Supp.2d 721, the district court unconditionally granted Newman's petition for a writ of habeas corpus and ordered respondent to release Newman from custody. On June 19, 2007, respondent moved for a stay of the unconditional grant of habeas relief pending appeal. The district court denied the stay on June 21, 2007, 2007 WL 1834700. Respondent then filed an emergency motion with this court for a stay pending appeal. On July 23, 2007, a panel of this court granted respondent's motion for a stay of the unconditional writ of habeas corpus pending appeal.

On October 6, 2008, 543 F.3d 793, we affirmed the district court's grant of a writ of habeas corpus.[1] That same day, Newman filed a motion in the district court for release on bond. The district court held a hearing on October 29, 2008, in which it heard argument from the parties and testimony from Newman, Newman's mother, and a U.S. Pretrial Services Officer. After weighing the factors for release pending review under *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), the district court ruled that the factors favored release and granted Newman release on bond pending appeal. Tr. of Mot. for Bond at 35–36. In releasing Newman on a $10,000 unsecured bond, the district court imposed several conditions on Newman. Newman must: (1) report as directed to Pretrial Services; (2) reside with his mother, who will have third-party custody; (3) submit to electronic monitoring (i.e., tethering); (4) abide by a curfew as directed by Pretrial Services; (5) submit to drug testing and/or treatment as

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

1. Respondent has filed a petition for rehearing and suggestion for rehearing en banc. That petition is pending before this court.

directed by Pretrial Services; (6) participate in mental health treatment as directed by Pretrial Services.

Rule 23(c) of the Federal Rules of Appellate Procedure provides that when a decision ordering the release of a prisoner is on appeal, the prisoner must be released unless the court orders otherwise. This rule establishes a presumption that a successful habeas petitioner must be released, unless the traditional stay factors weigh against release. *Hilton*, 481 U.S. at 777, 107 S.Ct. 2113. Our review of a motion for a stay of a custody order pending appeal is also governed by the traditional stay factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 776, 107 S.Ct. 2113. In addition, the court should consider whether the petitioner poses a risk of flight or a possible danger to the public if released, and the state's interest in continuing custody and rehabilitation. *Id.* at 777, 107 S.Ct. 2113. Finally, the court should weigh the substantial interest of the petitioner in release pending appeal. *Id.* "The balance may depend to a large extent upon determination of the State's prospects of success in its appeal," *Id.* at 778, 107 S.Ct. 2113.

 In light of our opinion of October 6, 2008, affirming the district court's grant of a writ of habeas corpus, respondent is unlikely to succeed in her appeal. The other factors also weigh in favor of Newman's release. Whereas respondent has asserted no irreparable harm requiring a stay, Newman suffered a continuing injury while incarcerated. We credit the district court's finding that Newman is unlikely to pose a danger to the public if released.

Given the stringent conditions imposed by the district court, it is also unlikely that Newman poses a risk of flight. Further, the public interest lies in favor of releasing Newman on bond pending further appeal. The district court's order provides Newman with supervision and support from Pretrial Services that will likely aid his transition to civilian life in the event that the unconditional writ approved in our decision of October 6, 2008, is ultimately entered.

We conclude that all of the factors discussed above weigh against granting the stay sought by respondent. Accordingly, the motion for a stay is **DENIED.**